IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. M-10-139-AR |
| | ) | |
| Barry G. Brockman, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S MOTION TO DISMISS INFORMATION AND BRIEF**

**TABLE OF AUTHORITIES/CASELAW**

The Court .lacks Venue and Jurisdiction based upon no Internal Revenue Districts  . . . . 3

4 U.S.C. Sec. 72  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26 U.S.C. §6091 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

26 U.S.C. §7621 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26 CFR 1.6091-2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,11,12

26 CFR 301.7621-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26 CFR 601.101  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Johnston v. U.S.*, 351 U.S. 215 (1958*)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Rush v. United States*, 256 F.2d 862, 864 (10th Cir. 1958).. . . . . . . . . . . . . . . . . . . . . . . 8

*Sansone v. U.S.*, 380 U.S. 343, 351 (1965).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Spies v. U.S.*, 317 U.S. 492 (1943) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

-1-

*United States v. Brewer*, 486 F.2d 907 (10th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Gorman*, 393 F.2d 209 (7th Cir. 1968)) . . . . . . . . . . . . . . . . . . . . . . . 10

*U.S. v. Taylor*, 828 F.2d 630 (10th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Wray*, 608 F.2d 722 (8th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . 5,6

www.irs.gov . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Under *United States v. Chisum*, the Information Must be Dismissed . . . . . . . . . . . . . 13

*Lewis v.CIR.*, 523 F.3d 1272, 1277 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 15,16,17

*Salberg v. United States*, 969 F.2d 379 (7th Cir. 1992); . . . . . . . . . . . . . . . . . . . . . . . 21

*U.S. v. Chisum*, 502 F.3d 1237 (10th Cir.2007 . . . . . . . . . . . . . . . . . . . . . 14,15,16,17,22

*U.S. v. Dawes*, 951 F.2d 1189 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*U.S. v. Hatch*, 919 F.2d 1394 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

26 U.S.C. § 6011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

26 U.S.C. § 6012(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

26 U.S.C. § 7203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

44 U.S.C. § 3506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,18

44 U.S.C. § 3507 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

44 U.S.C. § 3512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15,16

5 CFR 1320 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19,20,21,22

26 CFR 1.6012-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

P.L. 104-13(1995), pg. 206-207 USCCAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Comes Now Barry G. Brockman, by and through his attorney, Jerold W. Barringer, and for his Motion to Dismiss the Information, states as follows:

**The Court .lacks Venue and Jurisdiction based upon no Internal Revenue Districts**

1.   The three count Information states that "Barry G. Brockman failed to file a federal income tax return as required by law".  Defendant believes that the Court lacks venue and jurisdiction to hear this matter based upon lack of authority on the part of the Secretary of the Treasury and the IRS to require the Defendant to file a federal income tax return, and in particular, to file such a federal income tax return in the Western District of Oklahoma.

2.   Counts One, Two and Three allege that the Defendant, Barry G. Brockman, was "required by law to make an income tax return to the Internal Revenue Service, ..."  At no place and at no time does the Information, or any of the three counts thereof, describe where Defendant was required to file the return, or to whom the Defendant was required to give the return when filing the return.  In fact, aside from saying that Defendant failed to file a return as required by law, no other language within the four corners of the Information describes either any place or to any person that such a return should be filed.  The Information fails to state where to file the return.  As such, there is no proper venue even alleged in the Information.

3.   There are a number of jurisdictional and venue questions with respect to where returns are required to be filed by law, versus where a person could choose to voluntarily file an income tax return.  Each year will be taken in turn.

4.   For the year 2003, 26 U.S.C. Sec. 6091 stated:

(a) When not otherwise provided for by this title, the Secretary shall by regulations prescribe the place for the filing of any return, declaration, statement, or other document, or copies thereof, required by this title or by regulations.

(b) Tax Returns.  In the case of returns of tax required under authority of part II of this subchapter– (1) Persons other than corporations (A) General rule.  Except as provided by subparagraph (B), a return (other than a corporation return) shall be made to the Secretary– (i) **in the internal revenue district** in which is located the legal residence or principal place of business of the person making the return, or (ii) **at a service center serving the internal revenue district** referred to in clause (i), as the Secretary may by regulations designate. ...(4) Hand-carried returns.  Notwithstanding paragraph (1), (2), or (3), a return to which paragraph (1)(A), (2)(A), or (3)(A) would apply, but for this paragraph, which is made to the Secretary by handcarrying shall, under regulations prescribed by the Secretary, be made **in the internal revenue district** referred to in paragraph (1)(A), (2)(A), or (3)(A), as the case may be.

5.   This is the statute as it was written in 1998 - 2009.  This statute has not changed at any time during the relevant years involved in this indictment.

6.   With respect to the mandates of the statute, a return was to be made "in the internal revenue district".  Of course, there has been no internal revenue district or district director in Oklahoma since at least October 7, 2000.

7.   26 U.S.C. Sec. 6091 also refers to regulations as prescribed by the secretary when the place for filing a return is not provided "by this title."  There is no doubt that section 6091, taken with Title 26, Section 7621, provides the place "by this title" and therefore section 6091 provides no authority for the Secretary to promulgate any regulation regarding the filing of "a return."

8.   In the event the Secretary would have delegated authority from Congress to

provide the requirement to file a return by regulation,[1] that regulation is found at 26 CFR

1.6091-2(a)(1)(2003) , which reads as follows:

> Except as provided in paragraph (c) of this section, income tax returns of individuals, estates and trusts shall be filed **with the district director** for the **internal revenue district** in which is located the legal residence or principal place of business of the person required to make the return, or, if such person has no legal residence or principal place of business in any internal revenue district, with the District Director of Baltimore, Md. 21202. ... (c) Returns filed with service centers. Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that returns be filed with a service center, the returns must be so filed in accordance with the instructions. (d) Hand-carried returns. Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section: (1) Persons other than corporations. Returns of persons other than corporations which are filed by hand carrying shall be filed **with the district director** (or with any person assigned the administrative supervision of an area, zone or local office constituting a permanent post of duty within the internal revenue district of such director) as provided in paragraph (a) of this section.

9.   Pursuant to these regulations, written to conform with 26 U.S.C. Sec. 6091, when

the requirement is not mandated by "this title" the internal revenue districts are the only place

to file tax returns. Further, even hand-carried returns had to be made to a person permanently

posted for duty to receive returns within the internal revenue district. This was not designed

to be at the local residence of an individual, or within a local judicial district.

10.   This issue is critical for the purpose of determining the place the alleged crime

was committed so venue for the place of trial in this matter can be determined. As was stated

in *United States v. Wray*, 608 F.2d 722 (8th Cir. 1979),

> A majority of criminal statutes proscribe only *affirmative* conduct – the doing of a

---

[1]Such a construction would run afoul of the statutory origin holdings often cited by the Government as a basis for the requirement to file a federal income tax return.

particular act.  Under such a statute, the district in which the criminal act was actually performed by the defendant is ordinarily the district in which the offense was committed.  Venue therefore would be proper in any district where such affirmative conduct occurred.  (Internal citations omitted).  A few statutes, however, provide criminal penalties, not for affirmative conduct, but rather *for the failure to do a particular act*.  In such an instance, proper venue, **the place where the offense was committed**, is the district in which the required act should have been done.  *Johnston v. U.S.*, 351 U.S. 215, 76 S.Ct. 739 (1956); ... *Id*. at 725.

11.   26 U.S.C. Sec. 7203 is a criminal penalty for the failure to do a particular act at a particular place and particular time.  For reasons already raised, venue does not lie at all.

12.   Pursuant to 26 U.S.C. Sec. 6091, the only legally required places for the filing of returns are (i) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, (ii) or at a service center serving the internal revenue district referred to in clause (i).

13.   Since 1999, pursuant to the Restructuring and Reform Act of 1998, the districts were eliminated, the district director was eliminated, the director of the internal revenue service center of the internal revenue district was eliminated and the service center of the internal revenue district was eliminated.  See Sec. 1001 of the Reform and Restructuring Act of 1998.  See also I.R.B., 2007-36, pg. 536 (http://www.irs.gov/pub/irs-irbs/irb07-36.pdf)

14.   Since there are no district directors, no districts, and no regional service centers within an internal revenue district, there is no legal place outside of Washington, D.C. to file an income tax return.   4 U.S.C. Sec. 72 reads, "[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law."  See also Art. I, Section 8, Cl. 17.

15.   26 U.S.C. Sec. 7621(a) provides that "[t]he President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws.  The President may from time to time alter such districts.  7621(b) states, "[f]or the purpose mentioned in subsection (a), the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States."  This is the same statute for the years 2000 - 2009, the relevant years in this Second Superseding Indictment plus a number of years on each side of the relevant years.

16.   This statute shows that the Internal Revenue Districts were not supposed to have been abolished, though that is exactly what the Secretary or the Commissioner of the IRS apparently did in 2000.  This statute shows that the entire structure of the IRS is mandated to function within internal revenue districts.

17.   The appropriate regulation to 26 U.S.C. Sec. 7621 is found at 26 CFR 301.7621-1.  This regulation remained the same for the years 2000 - 2009.  Again, there is no direction by the Secretary, Commissioner or the IRS to eliminate the district director and internal revenue districts encompassing the State of Oklahoma.

18.   The Secretary of the Treasury created the IRS at 26 CFR 601.101 which reads in relevant part:

(a) General.  The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue.  The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue.  The Internal Revenue Service is the agency by which these functions are performed.  **Within an internal revenue district the internal revenue laws are administered by a district director**

**of internal revenue**.

19.   Again, this regulation has remained the same from 2000 - 2009.  Nothing in this regulation provides for the alternation of the internal revenue district format.  Nothing in this regulation provides for, or contemplates, the elimination of the district directors and the internal revenue districts.  Nothing provides a basis for venue or jurisdiction over Counts I and II of the Information.

20.   To make the final connection, the President, pursuant to 3 U.S.C. Sec. 301 is authorized to appoint the head of the agency to carry out the functions assigned the organization through the Congressional mandates.  For purposes of Count I, the statutes and regulations cited make clear that the actions could only take place within an internal revenue district office and that such a district office does not exist.

21.   Finally, the filing of a return for the tax year 2003, could only be done in **an internal revenue district**, or even a **local office within an internal revenue district**.  Internal revenue districts and judicial districts are not the same and do not coincide.  *Rush v. United States*, 256 F.2d 862, 864 (10th Cir. 1958).

22.   So, internal revenue districts are required, pursuant to statute, for determining where an income tax return must, by law, be filed.  Internal revenue districts are required, pursuant to statute, for the hand-carrying of income tax returns where an income tax return must, by law, be filed.  Internal revenue districts are required, pursuant to statute, for determining the proper venue of a willful failure to file income tax case required by law to

-8-

be filed.  The internal revenue laws can only be administered through internal revenue districts as required by statute.  The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by statute.  Finally, to make clear that internal revenue districts are critical, case law has stated that internal revenue districts and judicial districts are not the same and do not coincide.  Yet, no internal revenue districts existed in 2003.

23.    Also, internal revenue districts are required, pursuant to regulations, for determining where an income tax return must, by law, be filed.  Internal revenue districts are required, pursuant to regulations, for the hand-carrying of income tax returns where an income tax return must, by law, be filed.  The internal revenue laws can only be administered through internal revenue districts as required by regulation.  The Secretary can only administer internal revenue laws, and provide for the functioning of the Internal Revenue Service, through internal revenue districts, as required by regulation.  Yet, no internal revenue districts existed in 2003.

24.    The legal analysis of venue and jurisdiction begins with *Johnston v. U.S.*, 351 U.S. 215 (1958), which states that "[w]e are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place for its performance fixes the situs of the crime." *Johnston, at 220.*  Jurisdiction and venue require that there be a place where the crime occurred.  Willful failure to file a tax return is a crime of omission, and the crime occurs where the act was mandated by statute to occur.  *See Spies v. U.S.*, 317

U.S. 492 (1943); *Sansone v. U.S.*, 380 U.S. 343, 351 (1965).

25.   As stated in *United States v. Brewer*, 486 F.2d 907 (10th Cir. 1973), determining where a federal income tax return was required to be filed is "essential to establish jurisdiction and venue," citing 26 U.S.C. Sec. 6091(b)(1)(A)(i) and (ii), which specifically states (1998 - 2009) in the internal revenue district, not a reference to the judicial district. As such, the Information, and three counts thereof, fail to allege sufficient facts to allege venue and jurisdiction in this instance. *See U.S. v. Taylor*, 828 F.2d 630 (10th Cir. 1987), "the requirement concerning the place for filing of the individual income tax returns is provided in 26 U.S.C. Sec. 6091(b)(1)(A) for persons other than corporations.  It prescribes the place of filing as 'in the internal revenue district in which is located the legal residence or principal place of business of the person making the return....'  The federal statute and regulations lay down the rule as a matter of law,..." *Taylor at 634*.

26.   A determination of both the internal revenue district where the individual resides or works, and the judicial district which includes that portion of the internal revenue district where the individual resides or works, is critical for determining that venue and jurisdiction. *See United States v. Gorman*, 393 F.2d 209 (7th Cir. 1968).  All cases which have failed to include both analyses before determining venue and jurisdiction, have failed to follow the statutory mandates of 26 U.S.C. Sec. 6091.

27.   Defendant has been charged with a crime of failure to perform a mandatory function.  As shown here, there is no legally required, legally designated, legally mandated

place for carrying out the act that Defendant was alleged to have failed to perform as of April 15, 2004.   As such, at the time that the crime was alleged to have occurred, Defendant had no legally mandated place to carry out that function which is alleged to have been required by law to perform.   Further, it is equally clear under *Johnston, Wray* and *Rush*, that venue and jurisdiction was neither alleged, nor, under 26 U.S.C. Sec. 6091, exists.

28.   As such, Counts I and II should and must be dismissed for the reasons stated herein.

**As to Count III.**

29.   Count III charges the Defendant with willful failure to file an income tax return for the year 2005, which return would have been due on or before April 17, 2006, and it again fails to allege to whom or where the return was to be made.

30.   At this time, the IRS had attempted to address the issue of where to file an income tax return in light of the elimination of district directors and internal revenue districts. The IRS wrote 26 CFR 1.6091-2(a), which reads:

> *Individuals, estates and trusts.* (1) Except as provided in paragraph (c) of this section, income tax returns shall be filed with any person assigned the responsibility to receive income tax returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return. ...
>
> (c)  *Returns filed with service centers.*  Notwithstanding paragraphs (a) and (b) of this section, whenever instructions applicable to income tax returns provide that the returns be filed with a service center, the returns **must be so filed** in accordance with the instructions. ...
> (d) *Hand-carried returns*.  Notwithstanding paragraphs (1) and (2) of section 6091(b) and paragraph (c) of this section:
> (1) *Persons other than corporations.*   Returns of persons other than corporations

which are filed by hand-carrying shall be filed with any person assigned the responsibility to receive hand-carried returns in the local Internal Revenue Service office as provided in paragraph (a) of this section. ...

See Sec. 301.6091-1 of this chapter (Regulations on Procedure and Administration) for provisions relating to the definition of hand-carried.

31.    The IRS attempted to write a regulation that would trump the specific language of 26 U.S.C. Sec. 6091 quoted in paragraph 4 *supra*.  Problems exist with that attempt.

32.    The instructions for the 2005 tax year, found at www.irs.gov state that federal individual income tax returns are to be sent to Austin, Texas.  By the new regulation, that is where the return would have to be filed, and that is where any alleged venue or jurisdiction would exist.

33.    Also, the statutes control, and the language of the statute cannot be abrogated by a regulations.  A regulation may explain a statute or implement a statute, but a regulation cannot change a statute.  Since the statutory mandates are govern, 26 U.S.C. Sec. 6091 makes clear that the only places to file or hand-carry a return, are to internal revenue districts, which had not existed for more than 5 years by the time the 2005 return was alleged to be due.

34.    Under 4 U.S.C. Sec. 72, and 26 U.S.C. Sec. 7621, the IRS can only act outside of the District of Columbia through internal revenue districts.  These two statutes did not change with the restructuring of the IRS in 1998.  Since those two statutes did not change, how then can the IRS function in "service centers" or "area or local offices" when none are authorized by any statute.

35.    Finally, since the previous regulation had been in existence for more than 10

-12-

years, and that regulation mirrored and supported the statute, the previous version of the regulation should have been given the force and effect of law to which it was entitled, and should not have been amended simply to fit the government's new reality of no internal revenue districts, when such districts are also still mandated by statute.

36. As such, Count III must also be dismissed for lack of venue and jurisdiction.

## Under U.S. v. Chisum, the Information Must Be Dismissed

37. Counts One through Three allege that the Defendant was "required by law,... to make an income tax return. The Counts fail to allege what type of return was required to be made, and there is no clear statement from the Information about what type of return was disclosed to that body as being the return required to be made.

38. However, it is assumed for purposes of this motion, that the Information meant the Form 1040 U.S. Individual Income Tax Return. If that form was not the form intended, then the Information is sufficiently deficient to warrant dismissal for lack of specificity. If the Form 1040 was the intended form, that form is in violation of the Paperwork Reduction Act of 1995, justifying dismissal of the Information since an individual is not required, and cannot be penalized, for failure to comply with a form in violation of the PRA. That violation is disclosed as follows:

39. The questions begin with the Paperwork Reduction Act of 1995, 44 U.S.C. Sec. 3501, *et seq.,* and specifically 44 U.S.C. Sec. 3506, 3507 and 3512. The first two sections set requirements that must be included in the application and certification of the form

submitted by the officer for the agency in order to obtain a current, valid OMB number,
which requirements are not contained on the form, and the third section is the protection to
the recipient of or respondent to the form, if the form does not contain a valid OMB number.

40.    Several 10th Circuit decisions have dealt with different facets of the issue.  *U.S.
v. Chisum*, 502 F.3d 1237 (10th Cir.2007) held no person shall be subject to any penalty
involving a Form 1040 for any specific year if the Form  **"does not display a valid control
number" or "the agency fails to alert the person that he or she 'is not required to
respond to the collection of information unless it displays a valid control number.' 44
U.S.C. § 3512(a)**."  (Emphasis added)

41.    On September 25, 2007, the 10th Circuit published their decision in *U.S. v.
Chisum*, 502 F.3d 1237 (10th Cir.2007) which under *Anders v. California*, 386 U.S. 738
(1967) held:

"C. The Paperwork Reduction Act (PRA)

The PRA, 44 U.S.C. § 3501-20, **precludes the imposition of any penalty
against a person for "failing to comply with a collection of information"
if either (1) it "does not display a valid control number" or (2) the agency
fails to alert the person that he or she "is not required to respond to the
collection of information unless it displays a valid control number." 44
U.S.C. § 3512(a). A § 3512(a) defense may be raised at any time. See id. §
3512(b). Tax forms are covered by the PRA. See Dole v. United
Steelworkers of Am., 494 U.S. 26, 33 (1990).**
Mr. Chisum contends that "[s]ince there was no proof that Form 1040 was a
lawful form under the [PRA], the trial court erred in failing to grant [his]
request [at the sentencing hearing] to dismiss the indictment." Aplt. Br. at 29.
**But the PRA protects a person only "for failing to file information**. It does
not protect one who files information which is false." Collins, 920 F.2d at 630
n.13 (internal quotation marks omitted). The charges against Mr. Chisum were

predicated on the filing of false information, not the failure to file. He is therefore not entitled to relief." (Emphasis added).

42.   In *Lewis v.CIR.*, 523 F.3d 1272, 1277 (10th Cir. 2008)(10th Cir. April 29, 2008), the 10th Circuit suggested that "the PRA and the Tenth Circuit precedent discussing the PRA do not support any viable claims against the imposition of tax liability."

43.   The 10th Circuit once again addressed whether the PRA applies to a Form 1040. On numerous occasions, Courts have held that the PRA does not apply for a host of different, and often conflicting, reasons.   The *Lewis* decision is in clear opposition to those other courts on this issue.   The *Lewis* decision addressed 3 issues related to the 1040 Form for 2003. (1) "the 1040 has displayed the same, worn-out, OMB number since January, 1981, OMB #1545-0074 . . . [s]ince the number is to expire three [] years after it is issued, the number 1545-0074 would have expired after its usage in 1983," (2) Form 1040 "does not display any appropriate expiration date," and (3) Form 1040 does not include disclosure information as required by the PRA.

44.   In response to these three issues, as the 10th Circuit in *U.S. v Chisum*, 502 F.3d 1237 (10th Cir. 2007) addressed,  the *Lewis* Court declared Lewis correctly highlights how the PRA applies to tax forms, such as Form 1040.   Lewis conceded the Form 1040 displays an OMB control number, and he did not challenge the IRS instruction booklet which accompanies the Form 1040.   Lewis failed to point out, however, any evidence the OMB control number had expired.   *Id.*   The 10th Circuit held that "the current version of the PRA

does not require any expiration date to be printed on Form 1040."[2]  *Lewis v.CIR*., 523 F.3d

1272, 1277 (10th Cir. 2008)

45.   Finally, Lewis argued the Form 1040 must display not only an OMB control

number, with expiration date, but also a disclaimer satisfying the requirements of the PRA

which describe a citizen's liability protection under the Act. *See* §3506(c)(1)(B)(iii). "This

argument is also faulty. As the statute plainly states, the PRA does not expressly require each

form requesting information to include the disclaimer language of § 3506(c)(1)(B)(iii) on the

form itself." Lewis at 10.

46.   Rather, the *Lewis* Panel stated "the agency must satisfy" the disclosure

requirement:

> (a) Notwithstanding any other provision of law, no person shall be subject to
> any penalty for failing to comply with a collection of information that is
> subject to this subchapter if—
> (1) *the collection of information* does not display a valid control number
> assigned by the Director in accordance with this subchapter; or
> (2) *the agency* fails to inform the person who is to respond to the collection of
> information that such person is not required to respond to the collection of
> information unless it displays a  valid control number.44 U.S.C. § 3512(a)
> (emphasis added).

Id.

47.   "The IRS, an agency, satisfies this obligation by making these disclosures in the

instruction booklet associated with Form 1040. We reject Lewis's argument that Form 1040

itself, not the associated instructions, must display PRA disclosure information."  Id.

---

[2]One fact that is missing is the fact neither the Form 1040 nor the non-accompanied "instruction
booklet" contain any "indication" the "collection" Form 1040s for 2000 - 2006 are in accordance with
the clearance requirements of 3507.

48.   Defendant is charged with 3 counts of Willful Failure to File, exactly what is discussed in *Chisum*. *Chisum* simply held that the PRA could not be raised to charges of filing false collections of information. *Lewis* then attempted to eliminate the defense re- stated by *Chisum*, by stating that the 1040 form itself was deficient, but that the Form 1040 collection of information saved the 1040 form. The question is, which, if any, is the right reading of the law.

49.   P.L. 104-13(1995), pg. 206-207 USCCAN- 1Congress explained the difference between the 1980 and 1995 mandated requirements to be displayed on each request for information, on each "collection of information":

> "Section 3506(c) mandates a detailed information collection evaluation procedure requiring each agency to establish a process within the office designated under subsection (a),independent of program responsibility, to evaluate proposed collections. This office must: Review a collection of information before it is submitted to OMB for review, that includes making an independent evaluation of its need; preparing a description of it, a collection plan, and a burden estimate; pilot testing the collection, if appropriate; and developing a plan for the management and use of the information to be collected; **Ensure that information collections are inventoried, display a control number and, when appropriate, an expiration date; indicate the collection is in accordance with the Act; and CONTAIN a statement informing the person being asked why the information is being collected, its use, its burden, and whether responses are voluntary, required to obtain a benefit, or mandatory**. This requirement is transposed from current law (section 3504(c)(3)) to make it more clearly an agency responsibility, rather than a duty of OMB. Note that this requirement must also be certified to by each agency (see section 3506(c)(3)(F); and Assess the information collection burden of proposed legislatio affecting the agency." (Emphasis added).

44 U.S.C. section 3506(c)(1)(B)(1995) provides:

    (i)      inventoried, displays a control number and, if appropriate, an expiration date;

    (ii)     **indicate the collection is in accordance with the clearance requirements of section 3507**; (Emphasis added) and;

    (iii)    informs the person receiving the collection of information of;

        (I) the reasons the information is being collected;

        (II) the way such information is to be used;

        (III) an estimate, to the extent practicable, of the burden of the collection;

        (IV) whether the responses to the collection of information are voluntary, required to obtain a benefit, or mandatory; and

        (V) the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number.

50.   These same provisions are included in the Code of Federal Regulations. 5 C.F.R. 1320, *et seq.*, describes and details all that is required for approval of a form, and the notices that the form must provide to the recipient of or respondent to the form.  5 C.F.R. Sec. 1320.1, the purpose states that the regulations are to implement the PRA of 1995.  The Director shall promulgate the rules, regulations and procedures necessary for implementation. (5 C.F.R. Sec. 1320.1)  The PRA and the regulations apply to all agencies except the General Accounting Office and the Federal Election Commission (5 C.F.R. Sec. 1320.3).  Pursuant to the definition section, obtaining or collecting information and attempting to conduct an information collection are defined, and would include a tax form. [5 C.F.R. Sec. 1320.3(c)] and (5 C.F.R. Sec. 1320.3d).  The definition of collection of information is found at 5 C.F.R. Sec. 1320.3(c).   This definition is lengthy and contains numerous examples, however, separate instructions that may apply to a collection of information are not included in the definition of collection of information.

51.  5 C.F.R. Sec. 1320.5(a), in pertinent part,  makes clear that "[a]n agency shall not conduct or sponsor a collection of information unless, in advance of the adoption or revision of the collection of information–

      (1)   The agency has–

      (i)   Conducted the review required in Sec. 1320.8; ...,

      (iii) Submitted to the Director, in accordance with such procedures and in such form as OMB may specify,

      (A) The certification required under Section 1320.9,

      (B) The proposed collection of information in accordance with Sec. 1320.10, Sec. 1320.11, or Sec. 1320.12, as appropriate,

      (C) An explanation for the decision that it would not be appropriate, under Sec. 1320.8(b)(1), for a proposed collection of information to display an expiration date;..."

52.   Further, 5 C.F.R. Sec. 1320.5(b), states, "[i]n addition to the requirements in paragraph (a) of this section, an agency shall not conduct or sponsor a collection of information unless:

      (1) The collection of information displays a currently valid OMB control number; and,

      (2)(ii) The agency informs the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number, ...".

53.   5 C.F.R. Sec. 1320.6(a) is the public protection regulation.  It states, "[n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this part if:

      (1) The collection of information does not display, in accordance with

Sec. 1320.3(f) and Sec. 1320.5(b)(1), a currently valid OMB control number assigned by the Director in accordance with the Act; or

(2) The agency fails to inform the potential person who is to respond to the collection of information, in accordance with Sec. 1320(b)(2), that such person is note required to respond to the collection of information unless is displays a currently valid OMB control number.

(b) The protection provided by paragraph (a) of this section may be raised in the form of a complete defense, bar, or otherwise to the imposition of such penalty at any time during the agency administrative process in which such penalty may be imposed or in any judicial action applicable thereto.

54.     5 C.F.R. Sec. 1320.8 describes the Agency's collection of information

responsibilities and obligations.  5 C.F.R. Sec. 1320.8(b) states that "[s]uch office shall

ensure that each collection of information:

(1) Is inventoried, displays a currently valid OMB control number, and, if appropriate, an expiration date;

(2) Is reviewed by OMB in accordance with the clearance requirements of 44 U.S.C. Sec. 3507; and

(3) Informs and provides reasonable notice to the potential persons to whom the collection of information is addressed of--

(i) the reasons the information is planned to be and/or has been collected;

(ii) the way such information is planned to be and/or has been used to further the proper performance of the functions of the agency;

(iii) an estimate, to the extent practicable, of the burden of the collection, ...;

(iv) whether the responses to the collection of information are voluntary, required to obtain a benefit, (citing authority) or mandatory (citing authority);

(v) the nature and extent of confidentiality to be provided, if any (citing authority); and,

(vi)  the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number.

55.     The place where this information shall be included is described in

1320.8(c)(1)(i).  That information must be included in the form, (on the form) unless an

instruction to the form is attached to, and part of the form[3].  Finally, the Agency (IRS) must

provide a certification that all of the above have been met, or if not met, why it was not

possible to meet all of the above requirements.  5 C.F.R. Sec. 1320.9, states in pertinent part

as follows:

> As part of the agency submission to OMB of a proposed collection of
> information, the agency (through the head of the agency, the Senior Official,
> or their designee) shall certify (and provide a record supporting such
> certification) that hte proposed collection of information–
> (g) Informs potential respondents of the information called for under Sec.
> 1320.8(b)(3)...

56.   What this then demonstrates is undeniable.  The statutes, and in particular the

regulations, require certain disclosures (5 CFR 1320.8(b)(3)) to be on the "collection of

information", what is referred to as the "IT".  What is equally clear is the "collection of

information" can only be the Form 1040 with respect to the issues in this case.  Further, it is

clear that the information is not on the Form 1040.  Finally, what is clear is that the

instructions are not a part of the Form, inseparable and viewed as a part of the Form 1040.

All Courts have uniformly held that the instruction booklets are not governed by the PRA,

*See Salberg v. United States*, 969 F.2d 379 (7th Cir. 1992); *U.S. v. Dawes*, 951 F.2d 1189

(10th Cir. 1991)..

57.   The regulations have the force and effect of law.  The regulations require certain

_____

[3]Examples of such an included instruction can be found on the IRS website,
www.IRS.gov with the W-4, and its included instruction.

information be contained on the "collection of information" forms. That required information is not disclosed on the "collection of information" form 1040. The instructions cannot contain that information unless the instructions are part of the form. The instructions are not part of the "collection of information" 1040 form. The form does not comply.

58. Under the circumstances, the Information, when referring to the return, could only mean the Form 1040, as is demonstrated by 26 U.S.C. Sec. 6011, and its regulations, and 26 U.S.C. Sec. 6012(a), and 26 CFR 1.6012-1 which specifically described the Form 1040 as the return to be filed, which does not comply with the PRA. Since the form does not comply with the PRA, Defendant has no return complying with law that is required to be made and filed. Since the form does not comply, Defendant is entitled as a matter of law to ignore the form without risk of penalty, including criminal penalty. *See Chisum*.

59. Finally, *U.S. v. Hatch*, 919 F.2d 1394 (9th Cir. 1990), dismissed an Information after the appeal when it was clear that such charging instrument failed to state a cause of action because the alleged collection form failed to comply with the PRA. Here, the Form 1040, the individual federal income tax return, wholly fails to include the required information pursuant to 44 U.S.C. Sec. 3506, 3507 and 5 CFR 1320.8 and 5 CFR 1320.9. The form is not attached to the instructions. As such, the instructions cannot save the form. Like *Hatch*, this Information must be dismissed for failing to state a cause of action.

60. Since Defendant cannot be faced with criminal penalty because of the defective Form 1040, the Information and all three counts thereof, must be dismissed with prejudice

at this time.

WHEREFORE, Defendant Barry G. Brockman requests the Court dismiss this action for the reasons stated herein.

Dated June 4, 2010.

Barry G. Brockman, Defendant,

By:     /s/ Jerold W. Barringer
        Attorney at Law
        200 W. Front St., Suite A
        P.O. Box 213
        Nokomis, IL 62075
        (217) 563-2646
        jwbarringer@dtnspeed.net
        jbarry@consolidated.net
        IL Bar. # 06185092

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was sent to Assistant U.S. Attorneys Chris Stephens and Jeb Boatman by ECF/CM filing this 4th day of June, 2010.

/s/ Jerold W. Barringer
Jerold W. Barringer

-23-