IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. M-10-139-AR |
| | ) | |
| BARRY G. BROCKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

The United States hereby responds to "Defendant's Motion for Bill of Particulars" (Doc. No. 12) filed by defendant Barry G. Brockman. In his motion, Mr. Brockman seeks disclosure of various statutes, regulations, forms, and documents relating to his requirement to file a federal income tax return, along with the identity of individuals authorized to accept that federal return. The motion should be denied. The Information and discovery provided to his counsel more than adequately inform Mr. Brockman of his pending charges and minimize any surprises at trial.

BACKGROUND

On April 14, 2010, the United States charged Mr. Brockman in an Information with three counts of willful failure to file a federal income tax

return (for the years 2003, 2004, and 2005), in violation of 26 U.S.C. § 7203.[1] Doc. No. 1.  Each count alleges (1) a date by which Mr. Brockman failed to file a federal income tax return, (2) the applicable calendar year for which the return should have been filed, (3) Mr. Brockman's residence within the judicial district during the calendar year, (4) a gross income high enough to trigger the requirement to file a return, (5) the entity to which he was required to make an income tax return (the Internal Revenue Service), (6) his knowing and willful failure to file such a return, and (7) the statutory section referencing the alleged violation.  *Id.*

On May 18, 2010, Mr. Brockman had his initial appearance.  Doc. No. 7.  His case is currently set for the trial docket beginning July 12, 2010.

## ARGUMENTS AND AUTHORITIES

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an "information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  An information "is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it

---

[1] "To obtain a conviction under 26 U.S.C. § 7203, the government must prove that a defendant was 1) required to file a return, 2) failed to do so, and 3) that the failure was willful." *United States v. Harting*, 879 F.2d 765, 766-67 (10th Cir. 1989).

enables a defendant to assert a double jeopardy defense." *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009) (quotation marks and alteration omitted).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). But a bill of particulars "is not a discovery device." *Id.* After all, a "defendant is not entitled to notice of all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (internal quotation marks omitted) (emphasis in original). This Court has broad discretion to deny a motion for a bill of particulars. *Dunn*, 841 F.2d at 1029.

Here, the Information contains more than enough information to adequately inform Mr. Brockman of the charges, to reduce any surprise at trial, and to allow him to plead double jeopardy should he be later prosecuted for the same offense. The government has also timely provided to Mr. Brockman all discovery within its possession. This case is not complex, and the theory of the government's prosecution is clear: Mr. Brockman willfully

failed to file a federal income tax return for each of the charged years. Between the Information and discovery in the case, a bill of particulars is not at all necessary.

## CONCLUSION

Accordingly, the United States respectfully urges the Court to deny Mr. Brockman's motion for a bill of particulars.

Respectfully submitted,

SANFORD C. COATS
United States Attorney

*s/Chris M. Stephens*
Assistant U.S. Attorney
Bar Number:  20345
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8783 (Office)
(405) 553-8888 (Fax)
chris.stephens@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Jerold W. Barringer, counsel for Mr. Brockman.

*s/Chris M. Stephens*
Assistant U.S. Attorney