IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. M-10-139-AR |
| | ) | |
| BARRY G. BROCKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS INFORMATION AND BRIEF

The United States hereby responds to "Defendant's Motion to Dismiss Information and Brief" (Doc. No. 13) filed by defendant Barry G. Brockman. In his 23-page motion, Mr. Brockman seems to make two primary arguments: (1) the Information should be dismissed for lack of venue because there is no legally required place for him to file a federal income tax return, and (2) the Internal Revenue Service ("IRS") Form 1040 individual income tax return violates the Paperwork Reduction Act, so he cannot be penalized for failing to file a form that violates the Act. Mr. Brockman's arguments have no merit. First, venue for these charges is proper in this district because he lived here during the period charged in the Information. Second, Tenth Circuit law clearly rejects any argument that IRS Form 1040 violates the Paperwork Reduction Act. The motion is frivolous and should be denied.

## BACKGROUND

On April 14, 2010, the United States charged Mr. Brockman by Information with three counts of willful failure to file a federal income tax return with the IRS (for the years 2003, 2004, and 2005), in violation of 26 U.S.C. § 7203.  Doc. No. 1.  Each count alleges that Mr. Brockman lived in the Western District of Oklahoma for the respective calendar year.  *Id.*

On May 18, 2010, Mr. Brockman had his initial appearance.  Doc. No. 7.  His case is currently set for the trial docket beginning July 12, 2010.

## ARGUMENTS AND AUTHORITIES

Though it is not exactly clear what arguments Mr. Brockman asserts in his motion, he seeks dismissal of the Information by generally claiming (1) this Court lacks venue and jurisdiction,[1] and (2) IRS Form 1040 violates the Paperwork Reduction Act.  Each claim is addressed separately.

**1.   Venue is proper because Mr. Brockman lived in the Western District during the period charged in the Information.**

The Information charges Mr. Brockman with willful failure to file a federal income tax return for the years 2003 through 2005.  "[W]here the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime."  *Johnston v. United States*, 351 U.S.

---

[1] Mr. Brockman never offers any argument or authority as to why this Court lacks jurisdiction, so this claim should be denied.

215, 220 (1956). "Venue is proper in the district of taxpayer's residence." *United States v. Dawes*, 874 F.2d 746, 748 (10th Cir. 1989), *overruled on other grounds by United States v. Allen*, 895 F.2d 1577 (10th Cir.1990). Specifically, Congress has provided that persons who are not corporations shall file tax returns either (1) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return," or (2) "at a service center serving the [above-described] internal revenue district." 26 U.S.C. § 6091(b)(1)(A).

Notably, Mr. Brockman does not dispute the Information's allegation that he lived in the Western District of Oklahoma during the charged period. He instead maintains there were no internal revenue districts within the Western District of Oklahoma (or anywhere else) for him to file a return: "[T]here is no legally required, legally designated, legally mandated place for carrying out the act that Defendant was alleged to have failed to perform." Doc. No. 13, at 10-11. To support this theory, Mr. Brockman claims the Internal Revenue Service Restructuring and Reform Act of 1988 somehow eliminated all internal revenue districts. *Id.* at 6-9. Mr. Brockman, though, offers no authority to support his claim.

Federal courts have uniformly rejected similar arguments in other tax cases. *See, e.g.*, *United States v. Barry*, 2010 WL 1063837 (11th Cir.

Mar. 24, 2010) (unpublished); *United States v. Dirr*, 2009 WL 2986706 (E.D. Tenn. Sept. 10, 2009) (unpublished)*; United States v. Kuyrkendall,* 2009 WL 2449015 (S.D. Miss. Aug 07, 2009) (unpublished). Indeed, in Motions to Dismiss that Mr. Brockman's counsel recently filed in the Southern District of Iowa, that Court rejected these same arguments twice – once after a motion to dismiss the Indictment, and the second time after a motion to dismiss the Second Superseding Indictment.[2] *See* Exhibit 1, Order Denying Defendant's Motion to Dismiss Second Superseding Indictment, Case No. CR-09-14-JAJ, U.S. District Court for Southern District of Iowa. As other courts have noted, "[t]he bureaucratic restructuring of the Internal Revenue Service authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes." Exhibit 1, at 3 (quoting *United States v. Barry*, 2009 WL 1767581, *2 (M.D. Fla. June 22, 2009) (unpublished)).

      Accordingly, venue for Mr. Brockman's charges is proper in the Western District of Oklahoma.

---

[2]Defense counsel's nearly identical motion to dismiss the Second Superseding Indictment in Iowa likely explains why Mr. Brockman's motion mistakenly refers to a "Second Superseding Indictment," even though he was charged here only by Information. Doc. No. 13, at 7.

### 2. IRS Form 1040 does not violate the Paperwork Reduction Act.

The Tenth Circuit and other appellate courts have unequivocally rejected Mr. Brockman's claim that IRS Form 1040 violates the Paperwork Reduction Act ("PRA"). "The PRA was passed in 1980 with the hope of making paperwork requirements on small businesses and individuals less burdensome." *Lewis v. Commissioner of Internal Revenue*, 523 F.3d 1272, 1274 (10th Cir. 2008). "Tax forms, such as Form 1040, are information collection requests within the meaning of the PRA." *Id.* at 1275. The PRA limits personal liability for failing to comply with the collection of information when (1) the collection device does not have a valid control number from the Office of Management and Budget, or (2) the agency does not inform the person that the person is not required to respond to the information collection unless it displays a valid control number. *Id.* at 1274-75.

Mr. Brockman maintains the IRS Form 1040 (which he was required to file for the charged years) somehow violates the PRA. Doc. No. 13, at 13-23. "Since the form [1040] does not comply with the PRA, Defendant has no return complying with law that is required to be made and filed." *Id.* at 22. Mr. Brockman goes on to argue that because Form 1040 does not comply with the PRA, he "is entitled as a matter of law to ignore the

form without risk of penalty, including criminal penalty." *Id.* To support this theory, Mr. Brockman relies heavily on Tenth Circuit decisions like *United States v. Chisum*, 502 F.2d 1237 (10th Cir. 2007) that predate the 2008 decision in *Lewis*.

The Tenth Circuit, however, could not have been more clear in *Lewis* that "Form 1040 complies with the PRA" and "that Form 1040 satisfies the PRA requirements." 523 F.3d at 1275, 1277. In *Lewis*, the Court specifically responded to the appellant' PRA challenge to Form 1040, stating *Chisum* "should not be read to support an argument that the PRA ultimately protects individuals who fail to file tax information." *Id.* at 1275 n.5. Other circuit courts have reached similar results. *See, e.g.*, *United States v. Bennett*, 341 F. App'x 776,778-79 (3d Cir. 2009) (unpublished); *United States v. Cavins*, 543 F.3d 456, 459 (8th Cir. 2008); *United States v. Patridge*, 507 F.3d 1092, 1094-95 (7th Cir. 2007);[3] *United States v. Ouwenga*, 173 F. App'x 411, 417 (6th Cir. 2006) (unpublished); *United States v. Kerwin*, 945 F.2d 92 (5th Cir.

---

[3]Mr. Brockman's counsel represented the defendants in *Bennett, Cavins, Patridge*, and *Ouwenga* on appeal. Counsel also argued recently before the Tenth Circuit that IRS Form 1040 violates the PRA. The Tenth Circuit did not directly address that claim, but otherwise ruled the PRA provided no protection to that party's tax liabilities. *Springer v. Commissioner of Internal Revenue*, 580 F.3d 1142, 1144-46 (10th Cir. 2009).

1991).  The undersigned counsel is aware of no decision adopting Mr. Brockman's view of IRS Form 1040 and the PRA.

Clearly, the PRA does not eliminate a person's statutory duty to file a federal income tax return.

## CONCLUSION

Accordingly, the United States respectfully urges the Court to deny in full Mr. Brockman's "Motion to Dismiss Information and Brief."

Respectfully submitted,

SANFORD C. COATS
United States Attorney

*s/Chris M. Stephens*
Assistant U.S. Attorney
Bar Number: 20345
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8783 (Office)
(405) 553-8888 (Fax)
chris.stephens@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Jerold W. Barringer, counsel for Mr. Brockman.

*s/Chris M. Stephens*
Assistant U.S. Attorney