IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. M-10-139-AR |
| | ) | |
| Barry G. Brockman, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

Defendant Barry G. Brockman, by and through his attorney, Jerold W. Barringer, files this Reply to Government's Response to Defendant's Motion for Bill of Particulars:

Defendant sought only four specific pieces of information, each of which would have possible variations as to each of the three counts. Defendant sought to know what statutes and regulations the Government believed applied to this information, meaning if there are various statutes that provide the legal notice of who, what where, when, why and how, to file a individual federal income tax return, what are those statutes and regulations. Defendant sought to know what "form" or "return" was required to be filed. Defendant sought to know where that "form" or "return" was required to be filed. Finally, Defendant sought to know with whom that "form" or "return" was required to be filed. The Government has effectively objected to each.

Venue, on a willful failure to file case, is based upon where the omitted action was required to be completed.

> We are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place fixed by its performance fixes the situs of the crime. The possibility that registrants might be ordered to report to points remote from the situs of draft boards neither allows nor requires judicial changes in the law of venue. No showing of any arbitrary action appears in these cases. Article III of the Constitution and the Sixth Amendment fix venue "in the State" and "district wherein the crime shall have been committed." The venue of trial is thereby pre-determined, but those provisions do not furnish guidance for determination of the place of the crime. That place is determined by the acts of the accused that violate a statute. This requirement of venue states the public policy that fixes the situs of the trial in the vicinage of the crime rather than the residence of the accused. *Cf. United States v. Anderson*, 328 U.S. 699, 705. A variation from that rule for convenience of the prosecution or the accused is not justified.

*Johnston v. U.S.*, 351 U.S. 215 (1956).

In other words, where the Defendant was required to file the return, as required by the statutes and regulations, is critical to determine venue, which Defendant has also raised in a separate motion to dismiss. The Government has refused to identify where the Defendant was required to file the return, and the Government has refused to identify with whom the Defendant was required to file the return. These points, and the statutes and regulations that govern such a location and person for filing, are critical to determine venue, and is a proper basis for a bill of particulars. Defendant is entitled to this information, and the failure of the Information to include this information, would be a basis for dismissal.

The Government has challenged the motion to dismiss. If the Government believes the Information properly provides the information that demonstrates Defendant was required to file a federal income tax return, and did not file such a return, then the Government must believe that what return must be filed, where the return must be filed, and with whom the

return must be filed, is clearly listed in the Information. But of course, none of that information is in the Information. Defendant is entitled to the information.

Finally, Defendant sought to know all the statutes and regulations that apply. The Government has objected. 26 U.S.C. Sec. 7203 does not provide any of the information which identifies that return, the place to file it, and with whom to file it. Section 7203, in fact, provides no such information on the filing of a return. Section 7203 is a penal statute, and offers no information that is in any way helpful, or in any way identifies, the information sought by the Defendant. Defendant is entitled to know all statutes and regulations that govern the filing of a return.

Dated June 26, 2010.

                                      Barry G. Brockman, Defendant,

By:   /s/ Jerold W. Barringer
       Attorney at Law
       200 W. Front St., Suite A
       P.O. Box 213
       Nokomis, IL 62075
       (217) 563-2646
       jwbarringer@dtnspeed.net
       jbarry@consolidated.net
       IL Bar. # 06185092

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was sent to Assistant U.S. Attorneys Chris Stephens and Jeb Boatman by ECF/CM filing this 26th day of June, 2010.

/s/ Jerold W. Barringer
Jerold W. Barringer