IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. M-10-139-AR |
| | ) | |
| Barry G. Brockman, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INFORMATION AND BRIEF**

Defendant Barry G. Brockman, by and through his attorney, Jerold W. Barringer, files this Reply to Government's Response to Defendant's Motion to Dismiss Information and Brief:

Defendant has raised two specific issues with respect to the problems of the Information. The Government asserts that "Mr. Brockman's arguments have no merit." That statement simply fails to understand the law that applies in this case.

The Government argues that venue is appropriate because Mr. Brockman lives in the Western Judicial District of Oklahoma. Mr. Brockman does live in the Western Judicial District of Oklahoma, but in what internal revenue district was Mr. Brockman required to file a federal income tax return. The Government does not answer that question, and has chosen to specifically not answer that question. The reason is, to answer the question demonstrates that venue only exists in Austin, Texas, based upon 26 U.S.C. Sec. 6091, and 26 CFR 1.6091-1(c), which states quite clearly that where the instructions provide for a filing place,

-1-

that is where the return is required to be filed. That is in Austin, TX. Defendant objects to venue based upon this issue.

Based upon that, under *Johnston v. U.S.*, 351 U.S. 215 (1956), and *United States v. Gorman*, 393 F.2d 209 (7th Cir. 1968), first you determine where the action was required to be completed. The failure to file a tax return, which is an act of omission, is based upon where the return was required to be filed. Aside from misapplied or misdirected decisions by Courts, it is clear that (1) you determine where Mr. Brockman is alleged to be required to file a return, and (2) you determine what judicial district is located at that place. Mr. Brockman, by 26 U.S.C. Sec. 6091, is to file the tax return with the district director of the internal revenue district where the individual lives or works, or at the service center in the internal revenue district, or hand-carry the return to the assigned office in the internal revenue district. That is what the law states now, and that is what the law stated in 2000.

The problem is, there are no longer any internal revenue districts in the country, much less in the State of Oklahoma, and have not been since December, 2000. That is the reality of the current situation. If there are no internal revenue districts, and the statutes and regulations both require internal revenue districts, then there is either no place assigned to file a return, or, as the regulation suggests, it shall be filed with the service center listed in the instruction booklet. That is Austin, TX, not in Oklahoma City, Oklahoma.

A suggestion by the Government, that all one needs to look at is where the individual lived, not where is there an internal revenue district office, means the courts will continue

to misread and misapply the law. Such a suggestion demonstrates a clear desire to misdirect the courts away from the applicable statutes, in the hopes of saving cases such as this. Such a suggestion is the frivolous position to take in this case. *Johnston, Gorman* and the statutes and regulations cited in this and the initial brief are unambiguous. It is the attempts to use new regulations, and apply them in an *ex post facto* manner, or to quote only a portion of a statute, and then claim that partial statute is the entire applicable language, those are the frivolous actions. Defendant has set forth clearly and precisely why Counts I and II fall under the statute and regulations applicable at the times alleged, and why Count III falls under the statute.

It is equally without merit to suggest that Defendant was unclear in his arguments. But most specifically, and what is clearly frustrating, is the suggestion that internal revenue districts and district directors were not eliminated. The Department of Justice admits that such has occurred in a number of cases, but given the opportunity, will deny that such has occurred. The Government is calling it a theory in this case.

Here is at least some proof. Internal Revenue Bulletin, 2007-36 admits internal revenue district and district directors "no longer exist". *See* irs.gov./pub/irs-irsb07-36, on page 536, "in light of the IRS reorganization subsequent to RRA 1998, the district and special procedures offices referenced in the regulations no longer exist". On page 537, 2. Paragraphs (a)(4), (c), (d)(1), and (d)(2) are amended by removing the language "director" and adding the langauge "IRS" in its place whenever it appears. 3. Paragraph (b)(4) is

amended by removing the language "Internal Revenue district" and adding the language "IRS office" in its place. 2007-36 I.R.B. September 4, 2007. It is not a theory. It is fact, so what is the result of that fact.

The Government next addresses the issue "the bureaucratic restructuring of the Internal Revenue Service authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes." Quoting *U.S. v. Miller* and *United States v. Barry*. (P. 4) Here are two problems. The Court in *Barry* also treated the issue of whether the internal revenue districts were eliminated as a "theory". In fact, right before the above quote from *Barry* is that court's significant discussion of the "theory" without deciding whether it exists or not.

Hence, the problem with relying upon any other Court decision which has not properly analyzed the issue. With respect to *Miller*, sentencing has not yet occurred, and the issue in discussion here has specifically been maintained as part of the plea. The Eighth Circuit will get that issue later this year. Also, in the *Miller* case, the Court referenced the 2005 regulations 26 CFR 1.6091-2 (2005) as if those applied to the filing of a tax return for 2002, 2003 or 2004. Regulations were applied *ex post facto*, because the Court was directed to proceed in that manner by the Assistant U.S. Attorney. So, is it a regulation, or is it a statute that governs where the tax return must be filed, and which regulation applies to each year in the Information.

The Government here, quoted cases referencing the statutes. 26 U.S.C. Sec. 6091, the statute governing where a return must be filed, has not been amended in spite of the elimination of the Internal Revenue Districts[1]. The statute still states that the return must be filed with the district director in the internal revenue district, or with the director of the regional service center in the district, or hand-delivered to the local office in the internal revenue district. That is what the statute states, and those are the only three places to file a federal income tax return. That has not changed, so applying the Government argument that the statutes govern the requirement to file a tax return; Mr. Brockman was required to file a tax return, at a place that does not exist, with the internal revenue district director. That's what would be required under the Government's theory, but no such place exists. That then requires dismissal on venue and subject matter jurisdiction issues. There is no place that the crime could have occurred.

The Government argues that venue is proper because the case was brought in the Western District of Oklahoma, where the defendant also lives. The problem is, there is no statutory provision, or regulatory provision that supports such a limited analysis, at least as it applies to Counts I and II. Count III is the year where the IRS writes a **new** regulation in order to "fix" the no internal revenue district issue. When reviewing the statutory language, and the old and new regulatory language, it is clear that is what the IRS did. Yet, the

---

[1]This is the surest basis for understanding that the Secretary or Commissioner made a mistake in eliminating the internal revenue districts and district directors. Congress did not amend any of the dozens of statutes that specifically state internal revenue districts and district directors.

Government suggests that internal revenue districts have not been eliminated.

With the Government's argument that the information was brought in the Western District of Oklahoma, one is left with this question. If it is statutory language only, what statutory language specifically states that the filing of a tax return can be in the judicial district where the individual lives, without reference to internal revenue districts. Here is the conundrum: Does the Government actually suggest that the judicial district and the internal revenue district are the same, and cover the same areas, and are governed by the same geographic boundaries. If so, that would be breathtaking.

Oklahoma was combined with Arkansas for purposes of Internal Revenue Districts. As new attorneys learn in the Western Judicial District of Oklahoma, the Northern District of Oklahoma was created because the various judges and politicians could not even agree about how to divide Oklahoma decades ago. Certainly, Oklahoma and Arkansas could not and would not agree that the two states combine to be in "one judicial district". Hence, the need to determine what internal revenue district a person lives and works in, then find out what judicial district overlaps with that particular portion of the internal revenue district where the individual lives.

Of course, internal revenue districts and judicial districts are not the same and do not coincide, *Rush v. United States*, 256 F.2d 862 (10th Cir. 1958), yet stating that venue is proper in the Western District of Oklahoma because that is where Mr. Brockman lives, attempts to create exactly that result. The Government is really saying "it is proper to charge

Mr. Brockman in Oklahoma City, because Mr. Brockman lives near Oklahoma City, and we don't care about internal revenue districts". Of course, that is exactly what is wrong with the Government's arguments here, and why the *Barry* and *Miller* (both unpublished) decisions are legally wrong. The statute requires an analysis of internal revenue districts.

The Government's arguments in this matter are, no doubt, well-meaning. The arguments are just simply wrong. Venue is not in the Western District of Oklahoma. Venue, if at all, is in Austin, Texas. Defendant objects to venue, and Defendant moves to dismiss.

On the issue of the PRA and the Form 1040, the Government turns to *Lewis v. Commissioner*, 523 F.3d 1272 (10th Cir. 2008), in the belief that *Lewis* states that the form 1040 complies when viewed in all issues. *Lewis* made no such determination. As was stated in the initial brief, *Lewis* states that the Form 1040 complies because the instruction booklets include the necessary information, and as was stated in the initial brief, in order for the instruction booklet to save the Form 1040, the Form 1040 must be attached to the instruction booklet, and the instruction booklet must include all necessary information. The Form 1040 is not attached, and the instruction booklet does not contain all the necessary information.

*U.S. v. Chisum*, 502 F.3d 1237 (10th Cir. 2007) made clear that the PRA provided a defense to willful failures to file. The Court in *Springer v. Commissioner of Internal Revenue*, 580 F.3d 1142, 1144-46 (10th Cir. 2009), when given the opportunity to determine whether the Form 1040 actually failed to comply with the PRA, because of the specific arguments raised herein, determined that penalties and interest assessed, which was not

directly tied to the Form 1040 itself, did not result in PRA protection. The Tenth Circuit found the issues difficult, but did not clarify the issues.

The Government here states that the Courts have all uniformly held the Form 1040 has been found to comply, or that the PRA does not apply to the form. In fact, almost all Courts have stated that the PRA applies, but that it is assumed the Form 1040 does comply because the Form as been given an OMB number. *See United States v. Patridge* 507 F.3d 1092 (7th Cir. 2007); *United States v. Wunder*, 919 F.2d 34 38 (6th Cir. 1990); *United States v. Dawes*, 951 F.2d 1189 (10th Cir. 1991). The assumption that the Form 1040 complies is where the problem exists. Further, the Courts invariably failed to focus on the Form itself, because those defendants did not make the proper arguments, and instead tried to determine if the regulations or instructions must comply with the PRA. Obviously, the instructions and regulations do not have to comply, unless the instructions and form are attached and one instrument. Under that circumstance, the instructions information is being relied upon to "save" the form, and the instructions would then have to be considered with the forms as being "one in the same". That is what exists with a W-4 Form. The instructions are attached to the form, and the two are actually one instrument or document.

Of course, that is what *Lewis* did without considering whether the instructions properly contained all the information, and whether the instructions were attached, and how the regulations 5 CFR 1320.1 *et seq.*, apply to the Form 1040 and instructions. *Lewis* did not refer to any of this information in saying the information was contained in the instructions

which then saved the Form 1040. Hence, the flaw in the argument. *Springer* brought the issue back to the forefront, but that Court decided the issue on whether the PRA applies to assessments of penalties and interest for not paying taxes, which were not inextricably linked to the form. That is not the issue here.

This is a criminal case. The last criminal case addressing this topic, is *Chisum*, and *Chisum* provided for such a defense. Defendant's motion in this case was far more specific. It demonstrated that the Form 1040 and instructions were not attached. It directed this Court to look at each of the Forms 1040. It directed this Court to look at the specific instructions for each of the years in question. It directed the Court to review the regulations, applicable to the filing of tax returns 26 CFR 1.6012-1, and the regulations applicable to the PRA, 5 CFR 1320.1. It directed the Court to look at the 83-I applications submitted by the IRS in its attempts to obtain the appropriate OMB numbers, and the certifications specifically made by the IRS. In taking this Court through all those steps, Defendant has demonstrated that the Form 1040 does not comply. That is clear. It is also clear that this full analysis was not included in any of the previous cases referenced by the Government. Most did not even address what the regulations stated that apply to the PRA. Most did not even address what the regulations stated which apply to the filing of a tax return. If regulations apply, is it a statutory mandate?

Defendant is entitled to the defense. Defendant has demonstrated that the Form 1040 does not comply. The Form 1040 is the only form specifically authorized by regulation, in

spite of the language of *Patridge* (no particular form is required at all). That Form 1040, as shown here, does not comply with the PRA. If that Form 1040, is the only allowed form, and it does not comply with the PRA, then Defendant is entitled to the *Chisum* defense, or dismissal under the *Chisum* rationale. That is what is appropriate here.

Dated June 30, 2010.

                                            Barry G. Brockman, Defendant,

By:  /s/ Jerold W. Barringer
       Attorney at Law
       200 W. Front St., Suite A
       P.O. Box 213
       Nokomis, IL 62075
       (217) 563-2646
       jwbarringer@dtnspeed.net
       jbarry@consolidated.net
       IL Bar. # 06185092

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was sent to Assistant U.S. Attorneys Chris Stephens and Jeb Boatman by ECF/CM filing this 30th day of June, 2010.

                                            /s/ Jerold W. Barringer
                                            Jerold W. Barringer